## HODGSON et al. v. WINNE MORTGAGE CO. et al.

No. 5252.   Opinion Filed December 7, 1915.

(153 Pac. 671.)

APPEAL AND ERROR—Presentation for Review—Affirmance. Where, from an examination of the entire record, it is impossible to ascertain whether the question raised and argued in this court was passed upon by the trial court in refusing to rescind a contract, the cause will be affirmed.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Beckham County;*
*G. A. Brown, Judge.*

Action by Ira Hodgson and another against J. G. Winne and another, a partnership doing business as Winne & Winne, and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Dudley B. Madden,* and *Geo. D. Sailor,* for plaintiffs in error.

*T. Reginald Wise,* for defendants in error.

Opinion by RITTENHOUSE, C.   On September 15, 1907, Ira Hodgson and Mary Hodgson made, executed, and delivered their certain promissory note of $1,000 with interest, to the Winne Mortgage Company, secured by a real estate mortgage.   About 30 days subsequent to the delivery thereof, the plaintiffs received $500, this being the extent of the money received from the mortgagee.   After waiting about seven months and endeavoring to procure the balance due on the loan of $500, this suit was instituted, asking that the note and mortgage be rescinded on the ground of a partial failure of consideration, and pleading an offer to do and perform full and complete equity in the premises.   An answer was filed, denying the allegations of

the petition, and asking the foreclosure of the mortgage. Upon trial the court refused to rescind the contract, and ordered that the defendants recover of and from the plaintiffs the sum of $693.10, with interest, attorney's fees, and costs of suit, and that the mortgage be foreclosed to satisfy such sums.

It is apparent that the court deducted from the face of the loan the $500 which had not been received by the plaintiffs, and rendered judgment for the amount received under the contract, together with interest and attorney's fees. It is contended in this court that, under the law and uncontroverted evidence, the plaintiffs were entitled to a decree in their favor, rescinding and canceling the note and mortgage, and, having offered in their petition to do equity, a tender of the amount received under the contract was not necessary to be made before the institution of the suit. We have carefully examined the entire record in an effort to ascertain whether or not the court determined the questions involved upon a want of tender, and we are unable to say that this question was the controlling issue.

An examination of the record discloses that no request was made for special findings of fact, and the decree is silent as to why the court refused to rescind the contract. It is just as probable to suppose that the court refused to rescind the contract because of a failure to act promptly, upon discovering the facts which would entitle the plaintiffs to rescind, as it is to suppose that the judgment of the court was predicated upon a finding that the plaintiffs had failed to make a proper tender before instituting the suit.

The record does not present the question which is argued in the briefs by the plaintiffs, and the cause should therefore be affirmed.

By the Court: It is so ordered.